**12 CV 01500**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――x
Mandel T. Brock

                    Plaintiff,

    -against -

THE CITY OF NEW YORK; Michael R. Bloomberg,
Raymond W. Kelly; Julio Jimenez # 26296,
JOHN AND JANE DOES 1-8
―――――――――――――――――――――x

**COMPLAINT**
Pursuant to Title 42 § 1981, 1983

Index No. _____

☒ PLAINTIFF DEMANDS A TRIAL BY JURY



RECEIVED FEB 28 2012 PRO SE OFFICE

Plaintiff Mandel Brock, as and for his Complaint, hereby allege as follows:

### PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned plaintiff Mandel Brock, a black adult male, was a resident of New York County, within the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Julio Jimenez, whose shield number is 26296, was employed by and acting on behalf of the City of New York as a member of the NYPD. Jimenez is sued herein in his individual and official capacities.

4. At all relevant times hereinafter mentioned, defendant Jane Doe 1, whose tax and shield numbers are presently unknown, was employed by and acting on behalf of the City of New York as a member of the NYPD. Jane Doe 1 is sued herein in her individual and official capacities.

5. At all relevant times hereinafter mentioned, defendants John Does 1-6 are individuals whose identity is not presently known to plaintiff and who were employed by and on duty with the City of New

York as members of the NYPD. John Does 1-6 are sued herein in their official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the defendant City of New York reside, and where the actions complained of herein occurred.

## RELEVANT FACTS

8. At all relevant times herein, plaintiff was a resident of the City of New York and the state thereof.

9. On or about June 25, 2011, at or about 9:50 p.m., Mandel Brock was entering the elevator of the premises to visit with his cousin, who resides in an apartment within the premises.

10. Plaintiff was not engaged in any criminal or unlawful conduct nor was there any reasonable basis to believe that either was engaged in any such conduct.

11. At or about this time, defendants Jimenez and/or Jane Doe 1, or one or two of the other Doe defendants, both of whom were wearing NYPD uniforms was exiting the same elevator that plaintiff was entering.

12. The two defendants exited the elevator and plaintiff, as he was entering, glanced back at the female defendant as she was getting off the elevator.

13. When plaintiff entered the elevator and the doors was closing, defendant, Julio Jimenez, stuck his arm into the elevator door and began struggling to pull the door back open.

14. Plaintiff, Mandel T. Brock, observed this unseemly action for a moment and then pressed the door open button to prevent defendant from hurting himself or breaking the elevator.

15. Upon the door opening defendant, Julio Jimenez, demanded to know if plaintiff lived there.

16. Plaintiff answered no he was going to see his cousin Tina on the 23rd (twenty-third) floor.

17. Plaintiff, Julio Jimenez, then demanded to know what apartment on the 23rd floor.

18. Plaintiff stated that he believed it was 23A or B and that the location of the apartment was when exiting the elevator you take a right and it is the apartment directly ahead.

19. Plaintiff further stated that the defendants were free to accompany him to the apartment and verify that he was visiting.

20. Defendant, Julio Jimenez, told plaintiff not to tell him how to do his job.

21. Defendant, Jane Doe 1, suggested that defendant, Julio Jimenez, leave it, the situation, alone.

22. Defendant, Julio Jimenez, ignored plaintiff and defendant, Jane Doe 1's, suggestions and instead continued on his course.

23. Defendant, Julio Jimenez, then demanded plaintiff's identification and plaintiff refused but did tell him his name.

24. Plaintiff then again suggested that defendant, Julio Jimenez, accompany him upstairs to the apartment to verify that he was visiting and also to verify his identity.

25. Defendant, Julio Jimenez, continued to refuse to investigate any of the information provided to him and continued to demand that plaintiff produce his identification.

26. Plaintiff then asked if he was free to get off the elevator because he saw that this was not going to be a brief, non-intrusive, encounter.

27. Defendant, Julio Jimenez, stepped from the entrance to the elevator to allow plaintiff to exit and again demanded his identification.

28. Plaintiff refused and then informed defendant, Julio Jimenez, that he was refusing to do his job, was in dereliction of duty, and was violating plaintiff's right to freely travel without government interference.

29. In any event, plaintiff, had just expressly told the defendants that he was visiting a resident within the building and offered to be taken upstairs to verify that.

30. Even though, plaintiff, was not a resident of the building, he was, at a bare minimum, an invitee.

31. Notwithstanding the uncontradicted information that plaintiff was visiting a family member and that he was not was engaged in any criminal conduct, defendant, Julio Jimenez continued to demand that plaintiff produce identification.

32. When plaintiff continued to refuse, stating, in effect, that the defendants had no right to compel him to produce identification, the defendants radioed for backup and announced that plaintiff would be arrested.

33. Several minutes later the remaining six defendants arrived and entered the lobby.

34. These Doe defendants were also uniformed and plains clothes NYPD officers.

35. It is believed that some or all of the defendants were members of the Midtown North Impact Task Force.

36. Upon the arrival of the additional Doe defendants plaintiff was immediately thrown against the wall and handcuffed, and eventually put in the back of a patrol car and taken to the Police Service Area 6 (PSA) precinct.

37. Plaintiff was detained for a number of hours at the station house, during which time he was strip-searched and denied the right to make a phone call to his cousin, who he was visiting, to assist in straightening out the matter. He was then transported to New York County Central Booking, where he was detained for many more hours.

38. At no time was there any basis in law or fact to justify the strip-search of plaintiff, nor was it reasonable for defendants to believe such a basis existed.

39. At no time did there exist sufficient legal cause to seize plaintiff, nor could the defendants have reasonably believed that such cause existed.

40. Despite the absence of any legal cause for plaintiff's seizure, arrest and detention, one of the defendants issued or attempted to issue a complaint against the plaintiff, alleging that he committed the crimes of trespass and disorderly conduct.

41. These allegations were materially false and defendants knew them to be false at the time they were made. At no time thereafter did any defendant retract these allegations.

42. The remaining defendants knew that there was no legal basis to seize, arrest or detain plaintiff, and that any claimed criminal violation would necessarily have to be based on materially false factual claims. Yet, none of the remaining Doe defendants took any steps to challenge the arrest, detention and attempted criminal prosecution of plaintiff.

43. The District Attorney requested a bail of $2000 and the court imposed a $500 bail.

44. Plaintiff, Mandel Brock, was released after having to post bail and having endured unnecessary and unlawful imprisonment and mistreatment.

45. On July 14, 2011, all charges were dismissed by Motion of the District Attorney.

46. John and Jane Does 1-8 intentionally and deliberately gave false statements, failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

47. Defendants' actions were designed to cover up their misconduct or that of their fellow officers, secure the prosecution of plaintiffs, and frustrate plaintiffs' ability to seek redress for the misconduct engaged in by the defendants.

48. That at all times relevant herein, the defendants, including the Doe defendants, were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

49. Plaintiff repeats the allegations contained in paragraphs "1" through "48" above as though stated fully herein.

50. The individual defendants willfully and intentionally seized, searched, imprisoned and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

51. Plaintiff was aware of and did not consent to his confinement.

52. Defendants' conduct was motivated by and in retaliation for, at least in part, to plaintiff's spoken assertion of his rights.

53. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, kidnapping, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the First, Fourth and Fourteenth Amendments of the United States Constitution.

54. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the loss of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

55. Plaintiff repeats the allegations contained in paragraphs "1" through "54" above as though stated fully herein.

56. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

57. Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

58. The Impact Task Force was comprised of rookies and officers who had virtually no job experience and who were placed on the street on foot and motor patrols with little to no supervision.

59. The defendant was on notice that Impact Task Force members were put in the field without adequate training and supervision, and that as a result of their lack of training and supervision, these officers engaged in wrongful and otherwise unjustified arrests, either due to their lack of knowledge and experience, or due to the absence of supervisors who could better instruct and control these officers.

60. Even if these officers were not members of the Impact Task Force, the municipal defendant was on notice that members of the NYPD have been routinely and regularly stopping and questioning

individuals on suspicion of trespassing without regard as to whether any lawful basis existed for such a stop. This pattern and practice is pursuant to an NYPD policy.

61. This policy was formally crafted and implemented by the NYPD. Alternatively, the defendant's failure to cure such conduct constitutes a tacit endorsement of this policy.

62. The defendants' actions towards plaintiff in this matter were the result of this policy, which plaintiff knew or should have reasonably foreseen.

63. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the loss of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

64. Plaintiff repeats the allegations contained in paragraphs "1" through "45" above as though stated fully herein.

65. The defendants' policy concerning the stopping and questioning of individuals inside common areas in apartment buildings is primarily directed at people of color, particularly Black and Latino men and women.

66. Because the defendants' policy targets citizens based on race and ethnicity, it is unconstitutional on its face and deprives the citizenry of New York, and plaintiff in particular, of equal protection under the law in violation of his constitutional rights.

67. By reason thereof, defendants have violated 42 U.S.C. §§ 1981 and 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the loss of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, plaintiff demands judgment against defendants jointly and severally as follows:

i. On the first cause of action actual and punitive damages in an amount to be determined at trial;

ii. On the second cause of action actual damages in an amount to be determined at trial;

iii. On the third cause of action actual and punitive damages in an amount to be determined at trial;

iv. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988, disbursements, and costs of this action; and

v. Such other relief as the Court deems just and proper.

Dated: February 2, 2012;  New York, New York

CONSTITUTIONAL LEGAL RESOURCES

*/s/ Mandel T. Brock*

By: Mandel T. Brock Pro Se
**In Propria Persona; Without Prejudice, Under Protest**
58 Mother Gaston Boulevard, Suite 3
Brooklyn, New York 11233
(347) 533-7046

## VERIFICATION

I, Mandel T. Brock, affirms under penalty of perjury that:

1. I am the claimant in the within action, and my postal mailing address is 58 Mother Gaston, #3, Brooklyn, New York 11233 and I make this verification pursuant to CPLR 3020.

2. This verification is based on personal knowledge of the events.

3. I have read and know the contents of the foregoing Complaint, and verify the same are true based on my knowledge, except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true.

FEB 07 2012
Dated: ~~Monday, February 6, 2012~~

State of New York
County of New York

_____
Mandel T. Brock,
**Without Prejudice, Under Protest, In Propria Persona**

Sworn to before me this FEB 07 2012 day of _____ 20____.

_Shawny Carroll_

SHAWNY CARROLL
Notary Public, State of New York
Reg. No. 03CA6233280
Qualified in New York County
Commission Expires Dec. 27, 20 14

| | |
|---|---|
| In the Matter of the Claim of:<br><br>MANDEL BROCK<br><br>-against-<br><br>THE CITY OF NEW YORK, MICHAEL R.<br>BLOOMBERG, RAYMOND W. KELLY,<br>JULIO JIMENEZ #26296 | **NOTICE OF CLAIM** |

PLEASE TAKE NOTICE that the undersigned Claimant hereby makes claim and demand against you as follows:

NAME OF CLAIMANT:          MANDEL BROCK
POSTAL ADDRESS OF CLAIMANT:    1990 Seventh Avenue, 2B
                               New York, New York 10026
ATTORNEY OF CLAIMANT:      Pro Se Claimant
                           (347)715-8504

NATURE OF CLAIM:

   False arrest, false imprisonment, kidnapping, malicious prosecution, deprivation of due process, violation of state and federal civil rights, violation of constitutional rights, violation of human rights, forcible theft of personal property i.e. photographic images and fingerprints, negligence, negligent and intentional infliction of emotional distress, police misconduct, dereliction of duty and negligent hiring, retention, training and supervision of NYPD employees.

THE TIME WHEN, AND PLACE WHERE, CLAIM AROSE:

   Claim arose on June 26, 2011 at about 9:30 p.m.. While entering the elevator of 2979 Eighth Avenue, New York, New York, claimant was stopped and questioned, and then





1

forcibly kidnapped and seized, then transported to another location against his will, and held in custody by members of the NYPD. All the actions engaged in by the NYPD and its members were carried out without any lawful basis or justification, or any reasonable basis to believe that such conduct was lawful or justified. FURTHER the actions were in violation of 18 USCS (b) Specific Offense Characteristics (1) If (A) the defendant was a public official at the time of the offense; or (B) the offense was committed under color of law and Title 18 § 1201 (a)(5), (b).

THE ITEMS OF DAMAGES AND INJURIES CLAIMED SO AS PRACTICABLE:

    Claimant has suffered the deprivation of his civil rights under the state and federal constitutions, violation of his human rights under the Universal Declaration Of Human Rights, loss of liberty, physical and emotional injuries and mental anguish. All arising from the intentional and negligent conduct of the City of New York, Michael R. Bloomberg, Raymond W. Kelly, and Julio Jimenez.

    PLEASE TAKE FURTHER NOTICE that this claim is filed within ninety (90) days after the claim accrued, as required by law. Claimant presents this claim for adjustment and payment. You are hereby notified that, unless the claim is adjusted and paid within the time provided by law from the date of presentation, claimant shall commence a plenary action on this claim.

Dated: Wednesday, July 13, 2011

Pro Se Claimant

_____

Mandel T. Brock, Without Prejudice, Under Protest, In Propria Persona

1990 Seventh Avenue, 2B

New York, New York 10026

2

## VERIFICATION

I, Mandel T. Brock, affirms under penalty of perjury that:

1. I am the claimant in the within action, and my postal mailing address is 1990 Seventh Avenue, 2B, New York, New York 10026 and I make this verification pursuant to CPLR 3020.

2. This verification is based on personal knowledge of the events.

3. I have read and know the contents of the foregoing Notice of Claim, and verify the same are true based on my knowledge, except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true.

Dated: Wednesday, July 13, 2011

_Mandel T. B_____

Mandel T. Brock, Without Prejudice, Under Protest, In Propria Persona

Sworn to before me this 14th day of July 2011.

RICHARD B. MINOR
Notary Public, State of New York
Reg. No. 04MI6147382
Qualified in New York County
Commission Expires June 5, 20 14

3

```
CRIMINAL COURT OF THE CITY OF NEW YORK           CERTIFICATE OF DISPOSITION
COUNTY OF NEW YORK                                    NUMBER:  246279

THE PEOPLE OF THE STATE OF NEW   YORK
                         VS

BROCK, MANDEL                                         09/30/1971
Defendant                                            Date of Birth

1230 TELLER AVENUE                                    6333952R
Address                                              NYSID Number

BRONX              NY                                 06/25/2011
City              State    Zip                       Date of Arrest/Issue

Docket Number:  2011NY046931                         Summons No:

140.15  140.10
Arraignment Charges


Case Disposition Information:

   Date            Court Action              Judge              Part
 07/14/2011    DISMISSED - MOTION OF DA    BOYAR, D              C
```

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY       _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

       I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

WEISENMULLER, W                                  08/05/2011
COURT OFFICIAL SIGNATURE AND SEAL                  DATE         FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
         SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

EXHIBIT B



SEALED
pursuant to Section 160.50 of the CPL